1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   GERARD BELL,

11                        Plaintiff,

12        v.

13   WASHINGTON SUPREME COURT,
     et al.,

14                        Defendants.

15

CASE NO. 3:22-CV-5613-DGE

ORDER DIRECTING PLAINTIFF TO
SHOW CAUSE AND RENOTING
APPLICATION TO PROCEED *IN
FORMA PAUPERIS*

16        The District Court has referred Plaintiff Gerald Bell's pending Application to Proceed *In

17   Forma Pauperis* (IFP) and proposed Complaint to United States Magistrate Judge David W.

18   Christel pursuant to Amended General Order 02-19. On August 11, 2022, Plaintiff filed a

19   proposed civil complaint and an application to proceed without paying the filing fee for a civil

20   case. *See* Dkt. 1.

21        **Standard for Granting Application for IFP.**  The district court may permit indigent

22   litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C.

23   §1915(a). However, the court has broad discretion in denying an application to proceed IFP.

24   *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

ORDER DIRECTING PLAINTIFF TO SHOW
CAUSE AND RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 1

1    **Plaintiff's Application to Proceed IFP.**  Plaintiff states that he is unemployed. *See* Dkt.

2    1. He states he has received $12,000.00 from disability, unemployment, workers compensation

3    or public assistance for the past twelve months. *Id*. at 1. Plaintiff has no cash on hand and no

4    money is his bank accounts. *Id.* at 2. He has no assets and spends $847.00 per month on

5    transportation and food. *Id*. Plaintiff states he is poverty stricken and homeless. *Id*.

6    **Review of the Complaint.**  The Court has carefully reviewed the proposed complaint in

7    this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the

8    pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los*

9    *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

10    In the proposed Complaint, Plaintiff alleges that in the summer of 2018 he contacted the

11    City of Tacoma because his leased living space had no running water for over three weeks. Dkt.

12    1-1 at 5. Plaintiff states that the City of Tacoma inspected his space and declared it uninhabitable

13    because of "water and mold in the unit, and no running water" and forced Plaintiff to

14    immediately vacate. *Id*. Then, a different employee of the City of Tacoma assisted Plaintiff in

15    entering into an agreement to receive 2000 dollars of "funds for relocation"–which Plaintiff

16    alleges was an insufficient amount under the law—and to keep his pet and belongings in the

17    living space until August 31, 2018, while he arranged for a new place to live. *Id.*

18    Plaintiff states that when he return with a U-Haul to move his pet and his belongings his

19    pet ran into the street and was struck and killed by a hit and run driver. *Id*. As a result, Plaintiff

20    did not return to the living space until the next day, August 25, 20218, to complete his move. *Id*.

21    Upon arrival he Plaintiff was unable to enter and "noticed someone had broken into the unit"

22    prompting Plaintiff to call the police. *Id*. A Pierce County Police Officer responded and began an

23    investigation that lead to someone saying they changed the locks to the door, and then letting

24

1   Plaintiff in. *Id*. Plaintiff and the officer went upstairs where Plaintiff had stored his belongings

2   and Plaintiff noticed many things were missing, resulting in the officer preparing and issuing an

3   incident report. *Id*.

4        Plaintiff then filed a claim through non-party "Assurant Renters Insurance Company" but

5   it was denied "due to [non-party] landlord negligence of verifying actual damages." Dkt. 1-1 at

6   5. Plaintiff states that his non-party landlord's negligence restricted Plaintiff's ability to present a

7   case to the Washington State Supreme Court. *Id*. Plaintiff then states that "[unidentified]

8   Defendant negligence exposed plaintiff to mold" that Plaintiff has been treated for "mold

9   exposure" and that Plaintiff has lost a limb "due to [being] made homeless and unable to obtain

10  essential needs of care through [the] pandemic." *Id*.

11       Plaintiff reiterates that on August 7, 2018 the City of Tacoma coerced him into signing a

12  document and accepting an "insufficient amount of 2000 dollars" causing "mental distress and

13  triggering post-traumatic stress disorder". *Id*. at 6.

14       Plaintiff alleges that he sought redress from the Pierce County Superior Court, which

15  denied relief. *Id*. Plaintiff alleges that he appealed to the Washington State Court of Appeals,

16  which denied his appeal on February 8, 2022. *Id*. Finally, Plaintiff alleges that he appealed to the

17  Washington State Supreme Court, which denied review on August 10, 2022. *Id*.

18       Plaintiff names as Defendants the Washington State Supreme Court, the Washington

19  State Court of Appeals, the Pierce County Superior Court, and the City of Tacoma. Dkt. 1-1 at 1.

20       ***Sua Sponte* Dismissal.**  The Court must subject each civil action commenced pursuant to

21  28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that

22  is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

23  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

24

ORDER DIRECTING PLAINTIFF TO SHOW
CAUSE AND RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 3

1    *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

2    1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

3    2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

4    *sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it

5    ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

6    1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also*

7    *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

8        A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it

9    must nevertheless contain factual assertions sufficient to support a facially plausible claim for

10   relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

11   U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

12   content that allows the court to draw the reasonable inference that the defendant is liable for the

13   misconduct alleged." *Iqbal*, 556 U.S. at 678.

14       **Analysis of Plaintiff's Claims**. Plaintiff's proposed Complaint suffers from several

15   deficiencies requiring dismissal if not corrected in a proposed amended complaint.

16   I.    Statute of Limitations

17       Plaintiff alleges this Court has jurisdiction over his proposed Complaint pursuant to 42

18   U.S.C. § 1983. Dkt. 1-2 at 1.

19       A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983 does not

20   contain a statute of limitations. "Thus, the federal courts [] apply the applicable period of

21   limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654

22   F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations

23

24

1    period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of

2    limitations for Section 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

3          The Court also applies the forum state's law regarding equitable tolling for actions

4    arising under Section 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington,

5    courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206

6    (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the

7    defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable

8    tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable

9    neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).

10   Washington State also allows for a tolling period when a person is imprisoned on a criminal

11   charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL

12   216705, *2 (E.D. Wash. July 31, 2006).

13         Although the statute of limitations is an affirmative defense which normally may not be

14   raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma*

15   *pauperis* complaint where the defense is complete and obvious from the face of the pleadings or

16   the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

17         Plaintiff alleges he was harmed in July and August of 2018. Dkt. 1-1 at 5. As such, based

18   on the allegations contained in his proposed Complaint Plaintiff had actual notice of the facts

19   related to the claims alleged in the Complaint by August 31, 2018, at the latest. Therefore, the

20   latest time for filing a lawsuit was August 31, 2021, or three years after Plaintiff knew or should

21   have known of the injury forming the basis of this action. *See Kimes v. Stone*, 84 F.3d 1121,

22   1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the

23   injury which is the basis of the action).

24

ORDER DIRECTING PLAINTIFF TO SHOW
CAUSE AND RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 5

1   Plaintiff has not shown statutory or equitable tolling is applicable in this case. Therefore,

2   Plaintiff must show cause why his proposed Complaint should not be dismissed because it is

3   untimely.

4   II.   Improper Defendants/ Failure to State a Claim

5   Assuming Plaintiff can overcome the statute of limitations bar, Plaintiff's proposed

6   Complaint will still have to surmount other issues. The next one is that Plaintiff names several

7   improper Defendants, and fails to state claims upon which relief could be granted as to

8   potentially properly named Defendants.

9   A.   Washington Supreme Court and Washington Court of Appeals

10   For the purposes of Section 1983 claims, a state is not a "person." *See Arizonans for*

11   *Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S.

12   58, 71 (1989). Similarly, an agency or branch of state government, such as the state courts, is

13   also not a "person" under Section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *also*

14   *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (concluding that the suit against the

15   state Board of Corrections was barred by the Eleventh Amendment). Accordingly, Plaintiff

16   cannot state a claim against the Washington Supreme Court or the Washington Court of Appeals.

17   These Defendants must be dismissed from this case.

18   B.   Pierce County Superior Court

19   Plaintiff also names the Pierce County Superior Court as a Defendant. *See* Dkt. 1-1 at 1.

20   The Pierce County Superior Court is not a legal entity capable of being sued under Section 1983.

21   However, Pierce County itself—a municipality—could be a proper defendant. *See Monell v. New*

22   *York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Wright v. Clark County Sheriff's*

23   *Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016).

24

ORDER DIRECTING PLAINTIFF TO SHOW
CAUSE AND RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 6

1    If Plaintiff seeks to sue Pierce County he must name Pierce County as a Defendant and

2    allege facts sufficient to meet the required elements of a claim against a municipality and show

3    Pierce County violated his constitutional rights.

4    In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

5    suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

6    the violation was proximately caused by a person acting under color of state law. *See Crumpton*

7    *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

8    identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

9    (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

10   named defendants caused, or personally participated in causing, the harm alleged in the

11   complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

12   A person acts under color of state law when he or she "exercises power possessed by

13   virtue of state law and made possible only because the wrongdoer is clothed with the authority of

14   state law." *Id*. at 49. "The purpose of § 1983 is to deter state actors from using the badge of their

15   authority depriving individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d

16   1135, 1139 (9th Cir. 2000) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

17   To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a

18   defendant caused or personally participated in causing the harm alleged in the complaint. *Leer*,

19   844 F.2d at 633; *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a

20   constitutional right when committing an affirmative act, participating in another's affirmative

21   act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743

22   (9th Cir. 1978).

23

24

1   Further, if Plaintiff were to name Pierce County as a Defendant, in order to set forth a

2   Section 1983 claim against a municipality he must show municipal employees or agents acted

3   through an official custom, pattern, or policy permitting deliberate indifference to, or violating,

4   the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell v. New York*

5   *City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). A plaintiff must show (1) deprivation

6   of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate

7   indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind

8   the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

9   C.  City of Tacoma

10   Finally, Plaintiff names the City of Tacoma as a Defendant. *See* Dkt. 1-1 at 1.

11   A municipality may be the subject of a Section 1983 claim. *Monell v. New York City*

12   *Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, a municipality may only be held

13   liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton*

14   *v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694). To recover, a Plaintiff

15   must show that Defendant's employees or agents acted through an official custom or policy that

16   permits violation of Plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See*

17   *Monell*, 436 U.S. at 690-91.

18   Plaintiff's proposed Complaint states that various employees of the City of Tacoma were

19   involved in events that caused him harm, such as declaring his living space uninhabitable,

20   "coercing" him into signing a document, and coercing him into accepting an "insufficient

21   amount of 2000 dollars" causing "mental distress and triggering post-traumatic stress disorder".

22   Dkt. 1-1 at 5-6. These statements do not allege City of Tacoma employees deprived Plaintiff of

23   his civil rights pursuant to an official custom or policy, of that the City of Tacoma ratified the

24

ORDER DIRECTING PLAINTIFF TO SHOW
CAUSE AND RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 8

1   alleged conduct. Accordingly, Plaintiff has not stated a claim for which this Court can offer a

2   remedy. *See Monell*, 436 U.S. at 690-91, 94.

3        If Plaintiff seeks to sue the City of Tacoma he must follow the same directions that apply

4   to suing Pierce County, outlined above.

5        **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of

6   a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an

7   opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245,

8   248 (9th Cir.1995). At this time, the Court finds Plaintiff may be able to cure some of the defects

9   of the proposed Complaint. Therefore, Plaintiff should be afforded an opportunity to amend his

10  proposed Complaint to attempt to cure the deficiencies.

11       **Decision on Application to Proceed IFP**. A district court may deny leave to proceed

12  IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous

13  or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v.*

14  *First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).

15       Based upon the above analysis of the deficiencies in the proposed Complaint, the Court

16  finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 1) to October 21, 2022.

17       **Accordingly, it is hereby ORDERED that:**

18       Due to the deficiencies described above, if Plaintiff intends to pursue a Section 1983 civil

19  rights action in this Court, he must file a proposed amended complaint on the form provided by

20  the Court.

21       The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

22  civil rights complaint and for service and send copies of this Order to Plaintiff.

23

24

ORDER DIRECTING PLAINTIFF TO SHOW
CAUSE AND RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 9

1    The proposed amended complaint, if any, must be legibly rewritten or retyped in its

2   entirety, it should contain the same case number, and it may not incorporate any part of the

3   current proposed Complaint by reference. The proposed amended complaint will act as a

4   complete substitute for the current proposed Complaint, and not as a supplement. *See Forsyth v.*

5   *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds by Lacey*

6   *v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The Court will screen the proposed amended

7   complaint to determine whether it contains factual allegations linking each Defendant to the

8   alleged violations of Plaintiff's rights. Attachments will not be considered as a substitute for the

9   proposed amended complaint itself. Therefore, Plaintiff is directed to include all allegations and

10  relevant facts in the body of the proposed amended complaint.

11   If Plaintiff fails to file a proposed amended complaint or fails to adequately address the

12  issues raised herein on or before **October 21, 2022**, the undersigned will recommend dismissal

13  of this case.

14   Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is **RENOTED** to **October**

15  **21, 2022.**

16   Finally, the Clerk is direct to dismiss the Washington Supreme Court and the Washington

17  Court of Appeals from this case.

18   Dated this 20th day of September, 2022.

19

20   David W. Christel
       United States Magistrate Judge

21

22

23

24

ORDER DIRECTING PLAINTIFF TO SHOW
CAUSE AND RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 10