UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GERARD BELL,

        Plaintiff,

v.

WASHINGTON SUPREME COURT, et al.,

        Defendant.

CASE NO. 3:22-CV-5613-DGE

REPORT AND RECOMMENDATION

Noting Date: November 11, 2022

    The District Court referred Plaintiff Gerald Bell's pending Application to Proceed *In Forma Pauperis* (IFP) and proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

    On August 11, 2022 Plaintiff filed a proposed civil complaint and an application to proceed without paying the filing fee for a civil case. *See* Dkt. 1.

    On September 20, 2022 this Court entered an Order to Show Cause (Dkt. 2), directing Plaintiff to file a proposed amended complaint addressing the deficiencies identified by the Court therein. *Id*. The Court was clear that if Plaintiff failed to file a proposed amended complaint or

REPORT AND RECOMMENDATION - 1

failed to adequately address the issues raised in the Order the undersigned would recommend dismissal of this case. *Id*.

On October 19, 2022 Plaintiff filed a proposed amended complaint (Dkt. 4) but did not adequately address any of the issues identified in the Court's order (Dkt. 2). Plaintiff continues to name improper parties as defendants, fails to address why his claim is not time-barred, and fails to state a claim for relief under 42 U.S.C. § 1983. Thus, the undersigned recommends Plaintiff's Application to Proceed *IFP* (Dkt. 1) be denied on the grounds that his proposed amended complaint is frivolous and fails to state a claim upon which relief may be granted, and that this case be dismissed with prejudice. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (when denial of a motion to proceed IFP is "on the grounds that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, such a complaint is 'dismissed' for purposes of § 1915(g)").

Separately, the Court notes that on October 7, 2022 Plaintiff filed a Motion for Appointment of Counsel (Dkt. 3). There is no constitutional right to appointed counsel in a Section 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his [or her] claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

1986)(quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing an insufficient grasp of the case or the legal issues involved and an inadequate ability to articulate the factual basis of his or her claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Here, although Plaintiff does not appear to have a sufficient grasp of the legal issues involved in a civil rights case, he has adequately articulated the underlying facts he believes entitle him to relief (*see* Dkt. 2 at 2-3), but has not shown any likelihood of success on the merits. Therefore, the Court does not find exceptional circumstances are present here. *See Wilborn*, 789 F.2d at 1331. Consequently, the undersigned also recommends that Plaintiff's Motion for Appointment of Counsel should be denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 11, 2022, as noted in the caption.

Dated this 26th day of October, 2022.

David W. Christel
United States Magistrate Judge